[Civil No. 4405.   Filed June 9, 1941.]

[113 Pac. (2d) 930.]

## H. F. EDWARDS, Petitioner, v. SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA, Respondent.

Messrs. Dykes & Selden, for Petitioner.

Mr. Richard F. Harless, County Attorney, and Mr. Charles B. McAlister, Deputy County Attorney, for Respondent.

ROSS, J.—The petitioner, H. F. Edwards, seeks to have this court prohibit the Superior Court of Maricopa County, Honorable HOWARD C. SPEAKMAN presiding, from proceeding to trial on a complaint filed

in the Justice Court of West Phoenix Precinct charging him with a misdemeanor, on the ground that the facts alleged do not constitute an offense against the laws of the state. The petition shows that petitioner raised the question of the sufficiency of the complaint on arraignment in the justice court, and that his objections were overruled and he was forced to trial and convicted; that he appealed from such conviction to the superior court, where he again raised the question of the sufficiency of the facts charged in the complaint to state a crime, and that said court has ruled against him and is about to proceed with the trial and threatens to and will sentence him to pay a fine or to imprisonment if convicted. He alleges he has no other adequate or speedy remedy.

We will not enter into a discussion of the appropriateness of the remedy by prohibition for the reason that the respondent admits it to be the only adequate remedy available to the petitioner if no offense is stated.

The body of the complaint is, in substance, as follows: That "The Colored Jeffersonian Democratic League of Arizona" is a duly organized domestic corporation; that on June 8, 1940, it caused its name and trademark, to wit, "The Colored Jeffersonian Democratic League of Arizona, Inc." to be registered with the Secretary of State, Harry M. Moore, who recorded it in his office and issued to its officers, under the Secretary's seal, a certificate of such registration and recording; that on or about August 17, 1940, the defendant Edwards, not being a member of such corporation or having any authority whatsoever to do so, did print, or cause to be printed, a certain political handbill, circular or letter and affixed thereto, at the end thereof, the name above-mentioned, to wit,, " 'The Colored Jeffersonian Democratic League of Arizona, Inc.' . . . in

violation of Paragraph 4822, Revised Code of Arizona, 1928." (Same section 43–5605, Arizona Code, 1939.) We add that it is stipulated by the parties that the corporation is a political organization, which fact will be considered as alleged in the complaint.

■ We have, then, a political organization registering its name as a trademark. It is pertinent to ask what particular commodities it handles or deals in, for only persons and companies engaged in some kind of mercantile business are supposed to have a trademark. The section of the statute which it is claimed the petitioner violated is associated with several other sections bearing the caption "Mercantile frauds." It is said, in 26 Ruling Case Law 828, section 1:

"A trademark may be defined as a sign, device or mark by which the articles produced or dealt in by a person or firm are distinguishable from those produced or dealt in by rival manufacturers or dealers. It has also been declared that, in many aspects, it resembles, and perhaps is identical with, the goodwill of a business or establishment. And it has been likened to the business autograph of the owner, amounting to a representation that the articles on which it is placed are made or prepared by him, just as his signature to a business paper is an assurance to others that he executed it. A trademark may also in form serve as a label, but it differs from a mere label in that it is not confined to a designation of the article to which it is attached. And a mere label is not intended to accomplish the object of a trademark but only to indicate the article contained in the bottle, package or box to which it is affixed. What constitutes a trademark is a question of law for the court."

■ We think few persons would deny to their fellow citizens the right to advocate and promote the doctrines of Thomas Jefferson but most persons would deny the right of a "soulless corporation" to appropriate such doctrines exclusively for its use. We feel that the statutes providing for the registration and

protection of trademarks were passed to safeguard the tradesman against the tricks and devices of other tradesmen or persons, and not to give to anyone any exclusive right to political slogans, or to the great names of such party leaders as Jefferson and Lincoln.

■ But, the county attorney takes the position that what petitioner did in the use of the corporation's name, even though such name is not a trademark, violates said section. It reads:

"§ 4822. *Registering labels and trademarks, unlawful use.* Every association, union or corporation that adopts a label, trademark or form of advertisement, shall file the same in the office of the secretary of state by leaving two copies, counterparts or fac-similes thereof. Said secretary shall deliver to the person so filing the same, a duly attested certificate of the record of the same, for which he shall receive a fee of three dollars; such certificate of record shall in all actions or prosecutions under this article be sufficient proof of the adoption of such label, trademark, or form of advertisement, and of the right to adopt the same. Every person who shall use or display the genuine label, trademark or form of advertisement of any such association, corporation or union, in any manner not authorized by such association, corporation or union; and any person who shall in any way use the name or seal of any association, corporation or union, in and about the sale of goods or otherwise, not being authorized to use the same, shall be guilty of a misdemeanor."

The last clause of the last sentence is relied on by the county attorney to save the complaint. That phrase condemns as a misdemeanant "any person who shall in any way use the name or seal of any association, corporation or union, in and about the sale of goods or otherwise." The whole context of that section and of the preceding sections conclusively shows that the associations, corporations or unions referred to are those that are entitled to comply and have complied with the law in registering trademarks.

The use of the name must be "in and about the sale of goods or otherwise." If the name is used "otherwise" than in and about the sale of goods, an offense is committed, counsel for the state contends. In other words, if the name is spoken or written in the telling or narration of an event making it necessary to use the name, the law is transgressed. An opponent in a hot political campaign would not dare to criticize the corporation in public addresses or to write and print concerning its wicked and devious ways and representations. No one would dare to speak or write even the truth about the so-called trademark of this political organization. The significance of the word "otherwise" as contended for would make the law so indefinite and uncertain as to avoid it.

We think the alternative writ of prohibition should be made permanent, and it is so ordered.

LOCKWOOD, C. J., and McALISTER, J., concur.